## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| **BRUCE ABRAHAMSON, M.D.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **11 C 2038** |
| | ) | |
| **ILLINOIS DEPARTMENT OF** | ) | **Judge John Z. Lee** |
| **FINANCIAL & PROFESSIONAL** | ) | |
| **REGULATION; STATE OF ILLINOIS;** | ) | |
| **DANIEL E. BLUTHARDT; RONALD L.** | ) | |
| **JOHNSON, M.D.; WILLIAM J.** | ) | |
| **REDEMACHER, D.C.; BENNETT** | ) | |
| **LEVENTHAL, M.D.; JANE JACKMAN,** | ) | |
| **M.D.; DENIS D. PALMER, D.O.;** | ) | |
| **JOHN/JANE DOE NO. 1- UNKNOWN** | ) | |
| **MEDICAL LICENSING BOARD** | ) | |
| **MEMBER; ROBERT M. VANECKO,** | ) | |
| **M.D.; UNKNOWN MEDICAL** | ) | |
| **LICENSING BOARD MEMBERS** | ) | |
| **THAT SIGNED DEC. 9, 2005** | ) | |
| **SUPPLEMENTAL RECOMMEND-** | ) | |
| **TION TO IDPR DIRECTOR; and** | ) | |
| **ROD R. BLAGOJEVICH,** | ) | |
| **General,** | ) | |
| | ) | |
| **Defendants.** | ) | |

### MEMORANDUM OPINION AND ORDER

Having been twice denied a license to practice medicine in Illinois, Plaintiff Bruce

Abrahamson ("Plaintiff") has sued the Illinois Department of Financial & Professional Regulation

("DPR"), the State of Illinois, former Governor Rod Blagojevich, former director of Illinois Division

of Professional Regulation Daniel E. Bluthardt, former or sitting Medical Licensing Board ("MLB")

members Ronald L. Johnson, William J. Redemacher, Bennett Leventhal, Jane Jackman, Denis D.

Palmer, Robert M. Vanecko, as well unknown Medical Licensing Board members, alleging violation

of his due process rights pursuant to 42 U.S.C. § 1983 and for malicious prosecution, intentional

infliction of emotional distress, civil conspiracy, *respondeat superior* and indemnification pursuant to state law. Defendants move to dismiss the complaint pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(1) and 12(b)(6). For the reasons provided herein, Defendants' motion is granted.

## Factual Background

In June 1986, Plaintiff first filed an application to practice medicine in Illinois. (Compl. ¶ 10.) In February 1988, the Illinois Medical Licensing Board recommended that his application be denied. (*Id.* ¶ 11.) The Director of the Illinois Department of Professional Regulation ("DPR") accepted the recommendation and denied the application. (*Id.*) "In substance, the DPR found that [Plaintiff] demonstrated a lack of 'moral character' and 'ethical judgment.'" *Abrahamson v. Dep't of Prof'l Regulation*, 568 N.E.2d 1319, 1321 (1991), *rev'd*, 606 N.E.2d 1111 (Ill. 1992) (cited in Compl. ¶ 13). Plaintiff then filed a complaint in the Illinois Circuit Court of Cook County seeking review of the Department's denial. (Compl. ¶ 12.)

The Circuit Court found for Plaintiff and reversed the Department's denial. (*Id.*) This ruling was appealed to the Appellate Court of Illinois, where it was later affirmed. (*Id.* ¶ 13 (citing *Abrahamson,* 568 N.E.2d 1319).) In November 1992, however, the Supreme Court of Illinois reversed the Appellate Court and affirmed the DPR denial stating, "We conclude that the record contains competent evidence that supports the Department's decision." *See Abrahamson v. Ill. Dep't of Prof'l Regulation*, 606 N.E.2d 1111, 1120 (1992) (cited in Compl. ¶ 10); (Compl. ¶ 14).

In 1998, Plaintiff reapplied for a medical license. (*Id.* ¶ 17.) In July 2001, the DPR denied this application as well. (*Id.* ¶ 18.) Plaintiff filed another lawsuit seeking review of the DPR's denied in Circuit Court. (*Id.*) After additional proceedings in the Circuit Court and the DPR, including an administrative hearing, the DPR once again denied Plaintiff's application on August 9, 2006. (*Id.* ¶ 39.) This time, the agency's denial was affirmed by the Circuit Court. (*Id.* ¶ 47.)

2

Plaintiff appealed the ruling, and on December 9, 2008, the Illinois Appellate Court affirmed the Circuit Court and upheld the DPR order that denied his reapplication. (Defs.' Mem. Supp. Mot. Dismiss, Ex. A, *Abrahamson v. Ill. Dep't of Prof'l Regulation*, No. 1-07-2045, slip op. at 6 (Ill. App. Ct. Dec. 9, 2008).) Plaintiff then petitioned for leave to appeal to the Illinois Supreme Court, and his petition was denied. *Abrahamson v. Ill. Dep't of Fin. & Prof'l Regulation*, No. 107951, slip op. at 1 (Ill. Mar. 25, 2009). Plaintiff does not allege that he petitioned for a writ of *certiorari* before the United States Supreme Court.

## Discussion

When moving to dismiss a complaint pursuant to Rule 12(b)(1), a defendant may launch either a facial or factual attack on jurisdiction. *Stroman Realty, Inc. v. Grillo*, 438 F. Supp. 2d 929, 932 (N.D. Ill. 2006). When making a facial attack, a defendant contends that the allegations in the pleadings are insufficient on their face to support federal jurisdiction, and when making a factual attack, a defendant challenges the truth of the facts relied upon by the plaintiff in the complaint to allege that jurisdiction exists. *Freiburger v. Emery Air Charter*, 795 F. Supp. 253, 256 (N.D. Ill. 1992). When the defendant launches a facial attack, "allegations are taken as true and construed in a light most favorable to the complainant." *See Cedars-Sinai Med. Ctr. v. Watkins*, 11 F.3d 1573, 1583 (Fed. Cir. 1993). The party seeking to invoke subject matter jurisdiction bears the burden of establishing it. *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n.3 (2006).

Defendants have launched a facial attack on jurisdiction and argue that Plaintiff's claims are barred by the *Rooker-Feldman* doctrine. The Court agrees.

The *Rooker-Feldman* doctrine, articulated by the Supreme Court in *Rooker v. Fidelity Trust Co.,* 263 U.S. 413, 415-16 (1923), and *District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462, 482 (1983), is a jurisdictional rule mandating that "[o]nly the Supreme Court of the United

3

States may review the judgment of a state court in civil litigation." *Freedom Mortg. Corp. v. Burnham Mortg., Inc.,* 569 F.3d 667, 670 (7th Cir. 2009); *see Garry v. Geils,* 82 F.3d 1362, 1365 (7th Cir. 1996). Under this doctrine, federal district courts lack jurisdiction over lawsuits "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commence and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.,* 544 U.S. 280, 284 (2005). The doctrine, therefore, "precludes lower federal court jurisdiction over claims seeking review of state court judgments." *Taylor v. Fed. Nat'l Mortg. Ass'n,* 374 F.3d 529, 532 (7th Cir. 2004) (internal quotations omitted).

The *Rooker-Feldman* doctrine also deprives lower federal courts of jurisdiction if the claims made in federal court are "inextricably intertwined" with the state court judgment. *Brokaw v. Weaver,* 305 F.3d 660, 664 (7th Cir. 2002). Although courts have recognized that the term "'inextricably intertwined' is a somewhat metaphysical concept," the "determination hinges on whether the federal claim alleges that the injury was caused by the state court judgment, or, alternatively, whether the federal claim alleges an independent prior injury that the state court failed to remedy." *Taylor,* 374 F.3d at 533. "Constitutional claims that are 'inextricably intertwined' with state court judgments of necessity call upon the district court to review the state court decision and are thus beyond the district court's jurisdiction." *Edwards v. Ill. Bd. of Admissions to Bar,* 261 F.3d 723, 729 (7th Cir. 2001). However, where a plaintiff has no reasonable opportunity to raise a claim in state court, *Rooker-Feldman* abstention does not apply. *Long v. Shorebank Dev. Corp.*, 182 F.3d 548, 556 (7th Cir. 1999).

Plaintiff's prayer for relief in the instant case establishes that he seeks review of the actions and judgments of the Illinois courts and adjudication of claims that are inextricably intertwined with

4

prior state court determinations. For example, Plaintiff requests that Defendants be ordered to reverse or vacate the DPR's August 9, 2006 order denying his reapplication. (Compl., Prayer for Relief ¶¶ 1-2.) The DPR's August 9, 2006 order, however, was affirmed by the Illinois Circuit Court and Appellate Court. (*Id.* ¶ 50.) Plaintiff's claims in the instant case thus impermissibly attack both of these decisions. The effect of granting Plaintiff the relief he seeks in this case would be to invalidate the state court rulings, precisely the action that the *Rooker-Feldman* doctrine bars. If Plaintiff disagreed with the Illinois appellate court's ruling and the Illinois Supreme Court's denial of his petition for leave to appeal, the appropriate course of action would have been to petition for a writ of *certiorari* to the U.S. Supreme Court, not file the instance action. Therefore, the Court holds that the *Rooker-Feldman* abstention doctrine bars this lawsuit.

In response, even though the Complaint indicates that he repeatedly argued that Defendants' conduct violated his due process and equal protection rights throughout the administrative and state court proceedings, Plaintiff contends that he reserved his right to raise his constitutional claims in federal court and, thus, should not be barred by the Rooker-Feldman doctrine. (*See* Pl.'s Resp. Mot. Dismiss ("Response"), Ex. 1 (Pet'r's Mem. Clarification & Reservation; *id.*, Ex. 2, Order of 3/16/07).) This argument is unpersuasive.

First, Plaintiff concedes that he had the opportunity to raise his constitutional claims throughout the administrative and state court proceedings. *See Doe v. City of Chi.*, 360 F.3d 667, 671 (7th Cir. 2004) (state courts have concurrent jurisdiction over constitutional claims). That he elected not to do so was at his peril. Second, to the extent that Plaintiff suggests that the Circuit Court approved his request to reserve his constitutional claims for adjudication in federal court, this is not supported by the March 16 order, which only grants Plaintiff leave to file his Memorandum of Clarification and Reservation *instanter*. It does not hold that such reservation would have any legal

5

effect. Third, Plaintiff also argues that he and Defendants "mutually agreed to preserve the instant federal question." (Response at 5.) It is well established, however, that parties cannot, by agreement, confer subject matter jurisdiction upon this court. *See Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982) ("Thus, the consent of the parties is irrelevant . . . ."); *Bates v. Johnson*, 901 F.2d 1424, 1428 (7th Cir.1990) ("[T]he parties may not stipulate to judicial power."). In the end, Plaintiff could have raised the constitutional claim in the state court but chose not to do so. Instead, he now asserts these claims and asks this Court to overturn the decisions of the Illinois Circuit Court and Appellate Court, both of which affirmed DPR's denial of his application. "[A] litigant may not attempt to circumvent the effect of *Rooker-Feldman* and seek a reversal of a state court judgment simply by casting the complaint in the form of a civil rights action." *Long*, 182 F.3d at 557 (citing *Ritter v. Ross*, 992 F.2d 750, 754 (7th Cir. 1993)). This Court lacks jurisdiction over Plaintiff's claims under the *Rooker-Feldman* doctrine.

## Conclusion

For the reasons provided in this Memorandum Opinion and Order, Defendants' motion to dismiss this action [11, 18] is granted as to Plaintiff's section 1983 claims (Counts I – III), and those claims are dismissed without prejudice. Additionally, because the section 1983 claims formed the sole basis of subject matter jurisdiction, the Court declines to exercise supplemental jurisdiction over the state law claims (Counts IV – VIII) pursuant to 28 U.S.C. § 1367(c)(3). *See, e.g., Kyle v. Morton High Sch.*, 144 F.3d 448, 450 (7th Cir. 1998). This case is hereby terminated.

**SO ORDERED**                    **ENTER:** July 10, 2012

_____
**JOHN Z. LEE**
**U.S. District Judge**

6